UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ERIC WILLIAMS,<br>also known as Michael J. Coleman<br><br>Plaintiff,<br><br>v.<br><br>L. LOZANO, et al.,<br><br>Defendants. | 1:15-cv-01250-BAM (PC)<br><br>SCREENING ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (ECF No. 1)<br><br>**THIRTY (30)-DAY DEADLINE** |

## I. Screening Requirement and Standard

Plaintiff John Eric Williams, aka Michael J. Coleman ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on August 12, 2015, which is currently before the Court for screening. Plaintiff filed a consent to proceed before the Magistrate Judge for all purposes.  (Doc. 6.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969. Courts are required to liberally construe pro se prisoner complaints. Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976).

## II.    Plaintiff's Allegations

Plaintiff is currently a state prisoner in custody at California State Prison, Corcoran, California. His complaint concerns events that occurred while he was housed at Wasco State Prison. Plaintiff names the following Defendants: (1) Correctional Officer L. Lozano, (2) Correctional Officer J. Loveall, (3) Correctional Officer P. Maldonado, (4) Correctional Sergeant Holland, (5) Correctional Sergeant Castro, and (6) Warden Davies. All Defendants are being sued in their individual capacities.

### A.    Beating and Treatment of Plaintiff

Plaintiff alleges that in June 2015 he was approached by inmates in Wasco State Prison reception, and they told him he had to "lock up" which meant to tell the Correctional Officers that Plaintiff's life is in immediate danger and he needed to go to solitary confinement. Plaintiff told the second watch correctional officer that his life was in danger, but instead he was just moved to another building.  Plaintiff was threatened again in a note and he filed an emergency

602 along with the note.  Plaintiff alleges that he had been stabbed at another institution, so he was alarmed.

Plaintiff alleges that his programming includes mental health treatment and group therapy which happens in the same building as where the initial threats occurred.  He alleges he was removed from the treatment because of the threats.  Plaintiff alleges he was threatened again and was moved to building 4, but not put into protective custody.  He submitted an emergency 602 again.  Plaintiff alleges he told his case manager, Defendant Holland, of the threats and told classification of the threats.  Plaintiff alleges he was not moved into protective custody and they moved one of the inmates who threatened him to his same building.

Plaintiff alleges he was beaten, kicked, and stabbed by four Mexicans.  Plaintiff does not allege the date when this occurred. Plaintiff alleges that staff was sitting 15 feet from the incident and had a clear view that Plaintiff was being beaten up, yet did not intervene to stop the beating. He was taken to the hospital and an MRI showed that 2 pieces of his vertebra were broken off. When plaintiff was released from the hospital months later, he went back and "they put me back on the same yard."  Plaintiff told the sergeant that he was just in that yard and it was not safe because of his enemies.  He was placed on the same yard where his enemies were located anyway.  He told a sergeant and a correctional officer he was not safe on the yard but he was placed there anyway.

Plaintiff alleges his classification is "race only" but he was erroneously placed with a cellmate of a different race.  His cellmate, of a different race, attacked him in his cell and cut him and threw hot water on him.

Plaintiff indicates that he had sued the Warden in 2007 for loss of property.  Plaintiff alleges that staff was not happy with him because of that suit and therefore he was not placed in protective custody.

**B.     Other Incidents at Various Other Facilities**

Plaintiff recounts several other incidents involving violent interactions with staff and/or inmates at various other facilities.  Plaintiff alleges that he received a rule violation report for fighting at a different institution and that the report is false.  That incident involved when his

single cell door opened and he stepped into the tier and his neighbor cell Ramirez attacked him. Ramirez would not obey Defendant Correctional Officer Maldonado, but plaintiff stopped. Defendant Maldonado pepper sprayed Plaintiff and let Ramirez continue to beat Plaintiff. Maldonado did not write up the incident correctly.

In Kern Valley State Prison, Plaintiff was given a RVR for a March 24, 2011 incident involving defendant Loveall.  Plaintiff alleges that defendant Loveall allegedly engaged in excessive force and defendant Lozano pepper sprayed Plaintiff.  Another incident in 2011 at Kern Valley State Prison involved placing a south sider Mexican in his cell and Plaintiff was attacked.  Plaintiff also complains about being transferred from Folsom Prison to Mule Creek in retaliation. In January 2014, Plaintiff was celled in Donovan Correctional Facility with an incompatable person and when Plaintiff refused to cell, correctional officers beat him up.  Two months ago at Corcoran State Prison, staff threw him down on the ground for no reason. Plaintiff believes he has been retaliated against because he has been writing these incidents down and seeking the court's protection.

### III. Discussion

#### A. 1983 Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] … subjects, or causes to be subjected, any citizen of the United States … to the deprivation of any rights, privileges, or immunities secured by the Constitution … shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. §1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint

is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff has failed to link any defendant to any constitutional violation. It is unclear from the allegations whether each of the defendants named above was involved in the incidents and housing decisions in June 2015. For instance, Plaintiff alleges that while the inmates were beating him up, staff could see what has happening and did not intervene. But Plaintiff does not state who the staff personnel were who observed the beating. Indeed, the Court cannot tell if the named defendants were at all involved in the incident. Plaintiff refers to an incident on March 24, 2011 at Kern valley State Prison where defendant Loveall allegedly engaged in excessive force and defendant Lozano pepper sprayed Plaintiff. Thus, it does not appear that the named defendants were involved in the June 2015 incident. Plaintiff will be granted leave to amend these deficiencies. If Plaintiff elects to amend his complaint, he must allege what each individual defendant did or did not do that resulted in a violation of his rights.

**B.      Federal Rules of Civil Procedure 18 and 20**

Plaintiff asserts numerous allegations against different defendants based on different, unconnected events at different institutions. Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff only may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.2d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff may not pursue claims for relief in this action arising from events which occurred outside of this district at other institutions. Plaintiff may only proceed on claims which occurred as to the incident in June 2015. If Plaintiff wishes to pursue claims for the events which occurred at Folsom Prison, Mule Creek, Kern Valley State Prison, or any other institution, he

must file suit in the proper jurisdiction for those institution and the claims must be related to the events in that institution. Plaintiff must plead facts demonstrating that his claims against each defendant are factually related. If Plaintiff files an amended complaint that does not comply with Rules 18(a) and 20(a)(2), unrelated claims and defendants will be subject to dismissal.

### C.   Supervisory Liability under Section 1983 – Warden Davies

Insofar as Plaintiff brings suit against Defendants Davies based solely on his supervisory role as warden, he may not do so. Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 698 F.3d 896, 915-16 (9th Cir. 2012) (en banc). A supervisor, such as the warden, may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir.1991) (en banc) (citation omitted), abrogated in part on other grounds by Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).  "Supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy "itself is a repudiation of constitutional rights" and is "the moving force of the constitutional violation." Redman, 942 F.2d at 1146 (citations omitted). Thus, supervisory officials "cannot be held liable unless they themselves" violated a constitutional right. Iqbal, 556 U.S. 662, 676, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

Here, Plaintiff fails to allege facts showing that Warden Davies was personally involved in Plaintiff's constitutional deprivation, or any connection between Davies's conduct and the constitutional violation. As noted above, his conclusory allegation that Warden Davies was the warden is insufficient to support a claim. Plaintiff will be given leave to amend these deficiencies, to the extent he can do so in good faith.

### D.   Eleventh Amendment – Official Capacity

To the extend Plaintiff seeks to bring claims for damages against defendants in their

official capacities, he may not do so. The Eleventh Amendment prohibits suits for monetary damages against a State, its agencies, and state officials acting in their official capacities. Aholelei v. Dep't of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). As such, the Eleventh Amendment bars any claim for monetary damages against defendants acting in their official capacities.

**E.       Eighth Amendment – Deliberate Indifference to Safety & Failure to Protect**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2005). Prison officials must provide prisoners with medical care and personal safety and must take reasonable measures to guarantee the safety of the inmates. Farmer, 511 U.S. at 832-33, 114 S.Ct. at 1976 (internal citations and quotations omitted). In a "failure-to-protect" Eighth Amendment violation claim, an inmate must show that a prison official's act or omission (1) is objectively, sufficiently serious, and (2) the official is deliberately indifferent to inmate's health or safety. Id. at 834, 1977; Hearns v. Terhune, 413 F.3d 1036, 1042 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer, 522 U.S. at 847, 114 S.Ct. at 1984; Hearns, 413 F.3d at 1040.

Plaintiff alleges that he was threatened multiple times, but "custody" refused to separate him or put him into protective custody. He was then attacked by other inmates in June 2015. He links no particular prison official(s) to these matters, and has not alleged sufficient factual detail to state a claim for the failure to prevent the assault of him against any defendant.

The Court notes that as alleged, Plaintiff has not stated a claim for deliberate indifference to Plaintiff's safety for failure to put him in secured housing.  As plead, Plaintiff was moved to various different buildings in response to Plaintiff's concerns, taken out of therapy in the same building and one of the inmate assaulters was moved. Plaintiff's allegations do not indicate that any defendant was deliberately indifferent to Plaintiff's safety. Plaintiff will be granted leave to amend the above deficiencies, to the extent he can do so in good faith.

### F. Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Silva v. DiVittorio, 658 F.3d 1090, 1104 (9th Cir. 2011); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Silva, 658 F.3d at 1104; Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff's retaliation claim stems from his allegation that he was subjected to retaliatory housing. Plaintiff is advised that he may not simply allege that he filed a grievance or prior lawsuits and as a result he was retaliated against in housing and protection. Plaintiff must allege facts indicating who ordered the housing, and facts indicating how that individual knew of Plaintiff's protected activity. Plaintiff has failed to do so in the complaint. As with Plaintiff's Eighth Amendment claim, the complaint fails to state sufficient factual Plaintiff therefore fails to state a claim for relief for retaliation in violation of the First Amendment. Leave to amend will be granted.

### G. Grievance Process

Plaintiff makes several allegations about his 602 appeal process and no timely responses or finding his appeals are meritorious. To the extent Plaintiff seeks to allege a claim for failure to process his grievances, he may not do so. Prison officials are not required under federal law to process inmate grievances in a specific way or to respond to them in a favorable manner. Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Even the non-existence of, or the failure of prison officials to

properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. Mann, 855 F.2d at 640; see also Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). At all times plaintiff retained the option of commencing a civil action on a specific substantive claim that he had attempted to exhaust through the prison's grievance system but for which he contends administrative remedies were effectively unavailable. *Sapp v. Kimbrell*, 623 F.3d 813, 822 (9th Cir. 2010) (quoting 42 U.S.C. § 1997e(a)) (administrative remedies plainly unavailable if grievance was screened out for improper reasons).

### IV.     Conclusion

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in and of itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

    1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;

2. Plaintiff's complaint, filed August 12, 2015, is dismissed for failure to state a claim;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint or a notice of voluntary dismissal; and

4. **If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim and to obey a court order**.

IT IS SO ORDERED.

    Dated:   **July 29, 2016**　　　　　　　　　　　/s/ *Barbara A. McAuliffe*
                                                                       UNITED STATES MAGISTRATE JUDGE