UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ERIC WILLIAMS,<br>also known as Michael J. Coleman<br><br>           Plaintiff,<br><br>      v.<br><br>L. LOZANO, et al.,<br><br>           Defendants. | Case No.: 1:15-cv-01250-BAM (PC)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL WITHOUT PREJUDICE<br><br>(ECF No. 13) |

Plaintiff John Eric Williams, also known as Michael J. Coleman ("Plaintiff"), is a state prisoner proceeding pro se in this this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction. (ECF No. 6.)

Currently before the Court is Plaintiff's motion for the appointment of counsel. (ECF No. 13.) Plaintiff explains that he is unable to afford counsel, his imprisonment limits his ability to litigate, his case is complex and meritorious, and he has limited knowledge of the law and limited access to legal research. Plaintiff argues that he might suffer retaliation from prison officials for investigating his claim. He further asserts that the case may be strongly disputed by defendants, and require depositions and evidence better accessed by counsel.

Plaintiff he does not have a constitutional right to appointed counsel in this civil action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to

1

represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, given Plaintiff's failure to state a claim thus far, the Court cannot find any likelihood of success on the merits. Also, based on a review of the record in this case, the court does not find that Plaintiff cannot adequately articulate his claims. Id. Although Plaintiff has not yet stated a cognizable claim, his arguments, pleadings, and motions are comprehensible, and he was granted leave to amend his complaint to further attempt to articulate a cognizable claim. He has since submitted a timely-filed amended complaint. Plaintiff's amended complaint will be screened in due course.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for the appointment of counsel (ECF No. 13) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **August 16, 2016**              /s/ *Barbara A. McAuliffe*          
                                                                     UNITED STATES MAGISTRATE JUDGE