# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ERIC WILLIAMS,<br>also known as Michael J. Coleman,<br><br>Plaintiff,<br><br>v.<br><br>L. LOZANO, et al.,<br><br>Defendants. | Case No. 1:15-cv-01250-BAM (PC)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL WITHOUT PREJUDICE<br>(ECF No. 18)<br><br>ORDER EXTENDING DEADLINE TO FILE SECOND AMENDED COMPLAINT<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff John Eric Williams, also known as Michael J. Coleman ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On December 1, 2017, the Court issued an order finding that Plaintiff's first amended complaint failed to comply with Federal Rules of Civil Procedure 8, 18, and 20 and failed to state a cognizable claim for relief. The Court granted Plaintiff a final opportunity to amend his complaint, and directed him to file a second amended complaint within thirty (30) days from the date of service of that order. (ECF No. 17.) The Court expressly warned Plaintiff that the failure to file an amended complaint in compliance with the Court's order would result in this action being dismissed for failure to obey a court order and for failure to state a claim. (Id. at 13.) The deadline for Plaintiff to file an amended complaint has passed, and he has not complied with the Court's order.

1

Rather than filing an amended complaint, on January 5, 2018, Plaintiff filed a motion to appoint counsel. (ECF No. 18.) Plaintiff explains that he is unable to afford counsel, he is mentally ill and has been placed in mental health crisis beds and mental hospitals, and his imprisonment limits his ability to litigate. Plaintiff states that his case presents meritorious claims, as shown by the Court's screening order that allows him to proceed. Plaintiff argues that he might suffer retaliation from prison officials for investigating his claim. He further asserts that the case may be strongly disputed by defendants, and require depositions and evidence better accessed by counsel. (Id.) Plaintiff attaches various exhibits purportedly relating to his mental health records.

As Plaintiff has been informed, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court has considered Plaintiff's renewed motion for the appointment of counsel, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed by prisoners proceeding pro se and suffering from serious physical and mental health conditions almost daily. These prisoners also must conduct legal research and prosecute claims without the assistance of counsel.

| | |
|---|---|
| 1 | Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Further, given Plaintiff's failure to state a claim thus far, the Court cannot find any likelihood of success on the merits. As discussed, Plaintiff has not yet filed a second amended complaint. Once he has done so, the second amended complaint will be screened to determine whether Plaintiff has articulated a cognizable claim. The Court's issuance of a screening order, without a finding that Plaintiff has stated a cognizable claim, does not demonstrate that Plaintiff's claims are likely to succeed on the merits. |

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Further, given Plaintiff's failure to state a claim thus far, the Court cannot find any likelihood of success on the merits. As discussed, Plaintiff has not yet filed a second amended complaint. Once he has done so, the second amended complaint will be screened to determine whether Plaintiff has articulated a cognizable claim. The Court's issuance of a screening order, without a finding that Plaintiff has stated a cognizable claim, does not demonstrate that Plaintiff's claims are likely to succeed on the merits.

Upon consideration of the motion, the Court finds it appropriate to grant Plaintiff a brief extension of time to file a second amended complaint. Plaintiff is reminded, pursuant to the Court's December 1, 2017, screening order, that he may only amend his complaint to address claims arising from the June 2015 incident, and his amended complaint may not exceed **twenty-five (25) pages**.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to appoint counsel (ECF No. 18) is DENIED, without prejudice;
2. The Clerk's office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint; and
4. **If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated: **January 11, 2018**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE