# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ERIC WILLIAMS, also known as Michael J. Coleman, <br><br> Plaintiff, <br><br> v. <br><br> L. LOZANO, et al., <br><br> Defendants. | 1:15-cv-01250-BAM (PC) <br><br> ORDER DENYING MOTION TO APPOINT COUNSEL <br><br> (ECF No. 22) <br><br> ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE <br><br> FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF <br><br> (ECF No. 22) <br><br> FOURTEEN (14) DAY DEADLINE |

Plaintiff John Eric Williams, aka Michael J. Coleman ("Plaintiff"), is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On December 1, 2017, the Court screened Plaintiff's first amended complaint and granted him leave to amend only with respect to claims arising in June 2015. (ECF No. 17.) On January 18, 2018, Plaintiff filed a motion for the appointment of counsel, along with his second amended complaint. (ECF Nos. 22 and 23.)

1

**I.     Motion to Appoint Counsel**

On January 18, 2018, Plaintiff filed an "Inmate Request for Assistance from the Court" form. Plaintiff claims that he has a disability under the Americans with Disabilities Act that makes it hard for him to read, write or understand material regarding his case. He therefore requests a lawyer. (ECF No. 22.)

In addition to the form, Plaintiff also filed a motion for appointment of counsel, which was incorporated into his second amended complaint. (ECF No. 23 at pp. 16-20.) The motion and supporting exhibits appear to be a more complete copy of Plaintiff's prior motion for the appointment of counsel filed on January 5, 2018, which was denied by the Court on January 11, 2018. (ECF Nos. 18 and 19.) Plaintiff again explains that he is unable to afford counsel, he is mentally ill and has been placed in mental health crisis beds and mental hospitals, and his imprisonment limits his ability to litigate. Plaintiff states that his case presents meritorious claims, as shown by the Court's screening order that allows him to proceed. Plaintiff argues that he might suffer retaliation from prison officials for investigating his claim. He further asserts that the case may be strongly disputed by defendants, and require depositions and evidence better accessed by counsel.

As Plaintiff has been informed, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court has considered Plaintiff's renewed motion for the appointment of counsel, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed by prisoners proceeding pro se and suffering from physical and mental health conditions almost daily. These prisoners also must conduct legal research and prosecute claims without the assistance of counsel. Furthermore, as discussed below, given Plaintiff's failure to state a claim, the Court cannot find any likelihood of success on the merits. Accordingly, Plaintiff's motion to appoint counsel is HEREBY DENIED. The Court now turns to the screening of Plaintiff's second amended complaint.

## **Findings and Recommendations**

### **II.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969. Courts are required to liberally construe pro se prisoner complaints. Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976).

### III. Plaintiff's Factual Allegations

Plaintiff is currently housed at California State Prison, Lancaster, in Lancaster, California. The events in the amended complaint are alleged to have occurred while Plaintiff was housed at Wasco State Prison. Plaintiff names the following Defendants: (1) Department of Corrections; (2) Holland, Mental Health Clinician at Wasco State Prison; and (3) unidentified defendants "[t]o be named at or with Discovery." (ECF No. 23 at p. 2.)

In his amended complaint, which totals 100 pages inclusive of exhibits, Plaintiff alleges as follows: The names of the prison staff that had an active part in violating his civil rights are documented on a 602 that an appeals coordinator might have at Wasco State Prison. Defendant Holland was Plaintiff's clinician at that time and Plaintiff gave him most of that information. When Plaintiff went to the Correctional Officers and Program Office, the Sergeant and Correctional Officer that Plaintiff talked to on the day he was moved from 3 to 4 building instead of Ad-Seg will be easy to identify because the shift will be documented in the computer. Plaintiff alleges that prison staff ignored his pleas for safety and he did everything the prison asked him to say and do to receive protection, but his pleas were ignored. Plaintiff alleges that he was placed in a more dangerous situation instead of being placed in Ad-Seg and he suffered every day mentally and emotionally until he was finally assaulted and hospitalized.

After Plaintiff received a threatening note and was approached and threatened, he was moved to the building next door instead of being placed in Ad-Seg. Unknown persons wanted Plaintiff even more because their house was searched, so they knew that Plaintiff told on them. That was the reason Plaintiff was threatened in the first place.

When Plaintiff was moved from 3 to 4 building, one of Plaintiff's enemies followed him

4

to 4 building. Finally, with the help from a clinician, Plaintiff was moved to 2 building on the same yard instead of Ad-Seg. These kinds of moves continued after Plaintiff was supposed to be moved off of the yard after the first threat. Plaintiff alleges that, two months prior, he was stabbed and assaulted. During the entire time, Plaintiff was a mental patient and had just come out of a crisis bed. It was obvious that he was moved for safety issues because he was a mental health patient in a mental health building and was moved to a non-mental health building.

Plaintiff alleges that he filed emergency 602s with the staff names of who he told about the threat and the Sergeant that had pulled Plaintiff into his office. Plaintiff gave the Sergeant the threatening note and the names of the inmates threatening him. Plaintiff asserts that he was supposed to be placed in protected custody, but was instead placed in another building on the same yard. Plaintiff also went to Defendant Holland and they tried every way possible to get Plaintiff into protected custody before he was assaulted. Plaintiff also told the unit classification and Idtt committee.

Plaintiff further alleges that one threat came from an incident that had just happened at the Fresno County Jail. Plaintiff told the Sergeant and Correctional Officer about the threat. The Sergeant and the Correctional Officer interviewed Plaintiff and would have to move him from a mental health building to a non-mental health building. Plaintiff asserts that he and Inmate Wade were separated as cellies the Fresno County Jail because of an argument or fight.

Plaintiff forwards claims for the violation of his Eighth and Fourteenth Amendment rights. As relief, he seeks an out of state transfer and parole, mental health with job placement, placement in a long-term DSH program until he is transferred out of state, appointment of counsel, compensatory and punitive damages and a single cell.

**III.    Discussion**

**A.    Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal,

556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

As with Plaintiff's prior complaints, Plaintiff's second amended complaint is neither short nor plain. It is difficult to read and understand, lacking dates, names and other necessary factual information, including what happened, when it happened and who was involved. The Court will not expend its otherwise taxed resources to sort through the nearly 80 pages of exhibits attached to the amended complaint, the majority of which are unrelated to the allegations in this action, in order to find a colorable claim for relief. Despite being provided with the relevant pleading standard and a final opportunity to amend his complaint, Plaintiff has been unable to cure this deficiency.

### B. California Department of Corrections and Rehabilitation

Plaintiff seeks to bring claims against the California Department of Corrections and Rehabilitation ("CDCR"). However, the CDCR is not a proper party to this action. The Eleventh Amendment prohibits federal courts from hearing a Section 1983 lawsuit in which damages or injunctive relief is sought against state agencies (such as the CDCR) and individual prisons, absent "a waiver by the state or a valid congressional override . . . ." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an arm of the state,' its instrumentalities, or its agencies." See Fireman's Fund Ins. Co. v. City of Lodi, Cal., 302 F.3d 928, 957 n. 28 (9th Cir. 2002) (internal quotation and citations omitted), cert. denied, 538 U.S. 961 (2003). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court . . . ." Dittman, 191 F.3d at 1025–26 (citing Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985)); see also Brown v. Cal. Dep't. of Corr., 554 F.3d 747, 752 (9th Cir. 2009).

### C. Eighth Amendment – Deliberate Indifference to Safety & Failure to Protect

The Eighth Amendment protects prisoners from inhumane methods of punishment and

from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2005). Prison officials must provide prisoners with medical care and personal safety and must take reasonable measures to guarantee the safety of the inmates. Farmer v. Brennan, 511 U.S. 825, 832-33 (11994) (internal citations and quotations omitted). In a "failure-to-protect" Eighth Amendment violation claim, an inmate must show that a prison official's act or omission (1) is objectively, sufficiently serious, and (2) the official is deliberately indifferent to inmate's health or safety. Id. at 834; Hearns v. Terhune, 413 F.3d 1036, 1040-41 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer, 522 U.S. at 847; Hearns, 413 F.3d at 1040.

Plaintiff's second amended complaint fails to state a cognizable failure to protect claim. Plaintiff's allegations are too vague and conclusory to state a claim. Even without properly naming the defendants, the amended complaint omits critical factual information regarding what happened and how prison officials reportedly failed to protect him from some unspecified attack. More importantly, it appears from Plaintiff's allegations that prison officials repeatedly moved him to different buildings in response to his expressed concerns. Despite being provided with the relevant legal standard, Plaintiff has been unable to cure the deficiencies in this claim.

**D. Fourteenth Amendment – Equal Protection**

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439 (1985); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that Defendants intentionally discriminated against Plaintiff based on his membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702–03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently, Engquist v. Oregon Dep't of Agric., 553 U.S. 591, 601–02 (2008); Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); N. Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th

Cir. 2008).

Plaintiff fails to sufficiently allege facts demonstrating that he is a member of a protected class or that he was intentionally treated differently from other similarly situated inmates. Given the nature of the underlying action, it does not appear that Plaintiff could state a colorable Equal Protection claim even if additional leave to amend were granted.

### E. Fourteenth Amendment – Due Process

Plaintiff makes several allegations about his 602 appeal process and no timely responses, which the Court presumes is the basis of Plaintiff's due process claim. However, to the extent Plaintiff seeks to allege a claim for failure to process his grievances, he may not do so. Prison officials are not required under federal law to process inmate grievances in a specific way or to respond to them in a favorable manner. Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Even the non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. Mann, 855 F.2d at 640; see also Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). At all times plaintiff retained the option of commencing a civil action on a specific substantive claim that he had attempted to exhaust through the prison's grievance system but for which he contends administrative remedies were effectively unavailable. Sapp v. Kimbrell, 623 F.3d 813, 822-23 (9th Cir. 2010) (administrative remedies plainly unavailable if grievance was screened out for improper reasons).

### F. Injunctive Relief

Plaintiff is no longer housed at Wasco State Prison, where he alleges the incident occurred. Therefore, any injunctive relief he seeks against officials at Wasco is moot. See Andrews v. Cervantes, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007) (prisoner's claims for injunctive relief generally become moot upon transfer) (citing Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (holding claims for injunctive relief "relating to [a prison's] policies are moot" when the prisoner has been moved and "he has demonstrated no reasonable expectation of returning to [the prison]")).

### IV. Conclusion and Recommendation

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief. Despite multiple opportunities to amend, Plaintiff has been unable to cure the deficiencies in his complaint, and further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a district judge to this action.

Further, the Court HEREBY RECOMMENDS that this action be dismissed for failure to state a claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 24, 2018**      /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE